**NOT FOR PUBLICATION IN WEST'S HAWAI‘I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-25-0000484
08-MAY-2026
07:55 AM
Dkt. 70 SO**

NO. CAAP-25-0000484

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI‘I

STATE OF HAWAI‘I, Plaintiff-Appellee,
v.
OSCAR KANOA, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CPC-22-0001037)

SUMMARY DISPOSITION ORDER
(By: Wadsworth, Presiding Judge, McCullen and Gluck, JJ.)

Defendant-Appellant Oscar Kanoa (**Kanoa**) appeals from the June 18, 2025 "Findings of Fact [(**FOFs**)], Conclusions of Law [(**COLs**)], and Order Granting in Part and Denying in Part Defendant Oscar Kanoa's Motion to Reduce Bail" (**Order**) entered by the Circuit Court of the First Circuit (**Circuit Court**).[1]  In his Motion to Reduce Bail (**Motion**), Kanoa asked for bail to be reduced from $2,000,000.00 to $100,000.00; the Circuit Court granted the Motion in part, reducing bail to $750,000.00.  On

---

[1]     The Honorable Rowena A. Somerville presided.

appeal, Kanoa contends the Circuit Court erred in setting bail at an unaffordable amount in violation of Hawai'i Revised Statutes (**HRS**) § 804-9 (Supp. 2019).

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the issues raised and the arguments advanced, we resolve this appeal as discussed below and affirm.

In opposing Kanoa's Motion in Circuit Court, Plaintiff-Appellee State of Hawai'i (**State**) argued that Kanoa was the sole owner of a home valued at $666,400.00.[2] Kanoa did not dispute that he owned a home. At the hearing on the Motion, Kanoa was uncertain as to the value of (and his equity in) the home, but he offered to surrender the deed in lieu of bail. As an alternative, Kanoa requested bail in the amount of $200,000.00.

After hearing the parties' arguments, the Circuit Court ruled:

> [A]s you have all pointed out, I need to consider pursuant to State versus Carter [and HRS §] 804-9. And the amount of bail rests in the discretion of the trial court and shall be set in a reasonable amount based upon all available information, including the offense alleged, which is Manslaughter, an A felony, the possible punishment upon conviction, which is 20 years, and [Kanoa]'s financial ability to afford bail. And the bail amount should be determined as not to suffer the wealthy to escape by the payment of the pecuniary penalty nor to render the privilege useless to the poor.
>
> I have taken into all of the considerations of [HRS §] 804-9. This is not a no bail situation. Bail has been set in this case. So based on all of those considerations and my determination that [Kanoa] does have assets that could be used for his release, I will grant the Defense motion. However, it will [not be] $100,000. But it will be up to $750,000. Grant that in part.

---

[2] The State based this valuation on the publicly available tax assessment of the property, as listed on the website for the City and County of Honolulu's Real Property Assessment Division.

The Circuit Court asked Kanoa's counsel to prepare the order. The written Order, entered on June 18, 2025, contained the following FOF: "[Kanoa] has assets sufficient to post monetary bail in the amount of $750,000.00." The Order also contained the following COL:

> 1. Per State v. Carter, 154 Haw[aiʻi] 96, 546 P.3d 1210 ([App.] 2024), bail must be set in accordance with section 804-9 of the Hawaii Revised Statutes, which requires that bail "be set in a reasonable amount based upon all available information, including the offense alleged, the possible punishment upon conviction" and "should be so determined as not to suffer the wealthy to escape by the payment of a pecuniary penalty, nor to render the privilege useless to the poor."

Kanoa filed a timely appeal, permissible pursuant to the collateral order exception to the final judgment rule. See Carter, 154 Hawaiʻi at 97 n.3, 546 P.3d at 1211 n.3 (explaining that an order denying bail is an appealable pretrial motion).

**Bail amount:** "It is settled that the determination of the amount of bail rests peculiarly within the discretion of the trial court. An appellate court should not disturb or interfere with the exercise of such discretion, unless it is clearly abused." State v. Henley, 136 Hawaiʻi 471, 478, 363 P.3d 319, 326 (2015) (citation omitted); accord Carter, 154 Hawaiʻi at 101, 546 P.3d at 1215.

**FOFs:** "The circuit court's [FOFs] are subject to the clearly erroneous standard of review[.]" State v. Brown, 157 Hawaiʻi 354, 367, 577 P.3d 1045, 1058 (2025), recon. denied, No. SCAP-23-0000088, 2025 WL 2936869 (Haw. Oct. 16, 2025). "A [FOF] is clearly erroneous when (1) the record lacks substantial evidence to support the finding, or (2) despite substantial evidence in support of the finding, the appellate court is nonetheless left with a definite and firm conviction that a mistake has been made." Id. (citation omitted).

Kanoa's sole point of error on appeal is that the Circuit Court abused its discretion in setting bail at $750,000.00 when his home is (or was) valued at $666,400.00.[3] Kanoa argues that the bail amount is unreasonable because it exceeds his assets.

As the Hawaiʻi Supreme Court has explained, "A person charged with a crime may purchase a bail bond from a professional bondsperson for five to fifteen percent of the total amount of bail set."  State v. Nelson, 140 Hawaiʻi 123, 127, 398 P.3d 712, 716 (2017) (footnote and citation omitted). Thus, bail may be available to a criminal defendant – and therefore reasonable – even when the amount of bail exceeds the criminal defendant's assets.  This is consistent with HRS § 804-9's focus on affordability, rather than assets:

> The amount of bail rests in the discretion of the . . . judge . . . and shall be set in a reasonable amount based upon all available information, including the offense alleged, the possible punishment upon conviction, and the defendant's financial ability to afford bail. The bail amount should be so determined as not to suffer the wealthy to escape by the payment of a pecuniary penalty, nor to render the privilege useless to the poor.

(Emphasis added.)

Here, the Circuit Court complied with the plain language of HRS § 804-9 by expressly considering Kanoa's ability to afford bail: it found that "[Kanoa] has assets sufficient to post monetary bail in the amount of $750,000.00."  The Circuit Court's FOF is supported by substantial evidence in the record. Kanoa has not presented a persuasive argument as to why the

---

[3]      It is undisputed that the real property tax assessed value of the home at the time of the hearing was $666,400.00.  While the home's market value may have been slightly more or less than this amount, there is nothing in the record to suggest that the home's assessed value was not a reasonable approximation of its market value.

Circuit Court clearly erred in finding that Kanoa could afford bail of $750,000.00, nor has Kanoa demonstrated that the Circuit Court abused its discretion in so doing.

Based on the foregoing, we affirm the Circuit Court's June 18, 2025 Order.

DATED: Honolulu, Hawai'i, May 8, 2026.

On the briefs:

Emlyn H. Higa,
for Defendant-Appellant.

Robert T. Nakatsuji,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge

/s/ Daniel M. Gluck
Associate Judge